UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                                                :

KCG HOLDINGS, INC., and KCG AMERICAS LLC,   :   17-cv-03533 (AJN)
                                                :

                     Plaintiffs,             :

                                                    :     **ANSWER with**
                -against-                    :     <u>**COUNTERCLAIMS**</u>

                                                :
ROHIT KHANDEKAR,                              :     **(Jury Trial Demanded)**

                                                 :
                     Defendant.             :

                                                 :
---------------------------------------------------------------- X

        Defendant, Rohit Khandekar ("Defendant" or "Khandekar"), by and through his

counsel, Rottenberg Lipman Rich, P.C., for his answer to the Complaint for Injunctive and Other

Relief, dated May 10, 2017 (the "Complaint") of plaintiffs KCG Holdings, Inc. and KCG

Americas LLC (together, "Plaintiffs" or "KCG"), respectfully states as follows:

<u>**NATURE OF THE CASE**</u>

      1.       Denies the material allegations in Paragraph 1 of the Complaint.

      2.       Denies the allegations in Paragraph 2 of the Complaint.

<u>**THE PARTIES**</u>

      3.       Does not have sufficient knowledge or information to respond to Paragraph 3 of

the Complaint.

      4.       Admits the allegations of Paragraph 4 of the Complaint.

<u>**JURISDICTION AND VENUE**</u>

      5.       Does not have sufficient knowledge or information to respond to Paragraph 5 of

the Complaint but does not dispute that this Court has original jurisdiction.

6.      Does not have sufficient knowledge or information to respond to Paragraph 6 of the Complaint.

7.      Does not have sufficient knowledge or information to respond to Paragraph 7 of the Complaint but avers that venue is proper because KCG (a) alleges in the Complaint and therefore admits having its principal place of business in this District; (b) alleges in the Complaint and therefore admits that venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to KCG's claims occurred in this District; and (c) has waived any objection to venue by filing the Complaint in this District.

## BACKGROUND

8.      Admits the allegations in Paragraph 8 of the Complaint.

9.      Does not have sufficient knowledge or information to respond to Paragraph 9 of the Complaint.

10.     Does not have sufficient knowledge or information to respond to Paragraph 10 of the Complaint.

11.     Does not have sufficient knowledge or information to respond to Paragraph 11 of the Complaint.

12.     Does not have sufficient knowledge or information to respond to Paragraph 12 of the Complaint.

13.     Does not have sufficient knowledge or information to respond to Paragraph 13 of the Complaint.

14.     Does not have sufficient knowledge or information to respond to Paragraph 14 of the Complaint.

15.     Does not have sufficient knowledge or information to respond to Paragraph 15 of the Complaint.

16.     Does not have sufficient knowledge or information to respond to Paragraph 16 of the Complaint.

17.     Does not have sufficient knowledge or information to respond to Paragraph 17 of the Complaint.

18.     Denies the allegations in Paragraph 18 of the Complaint.

19.     Does not have sufficient knowledge or information to respond to Paragraph 19 of the Complaint.

20.     Does not have sufficient knowledge or information to respond to Paragraph 20 of the Complaint.

21.     Does not have sufficient knowledge or information to respond to Paragraph 21 of the Complaint.

22.     Does not have sufficient knowledge or information to respond to Paragraph 22 of the Complaint.

**Khandekar's Exposure to KCG's Confidential Information**

23.     Does not have sufficient knowledge or information to respond to Paragraph 23 of the Complaint.

24.     Does not have sufficient knowledge or information to respond to Paragraph 24 of the Complaint.

25.     Does not have sufficient knowledge or information to respond to Paragraph 25 of the Complaint.

26.     Does not have sufficient knowledge or information to respond to Paragraph 26 of the Complaint.

27.     Does not have sufficient knowledge or information to respond to Paragraph 27 of the Complaint.

28.     Admits the material allegations contained in Paragraph 28 of the Complaint.

29.     Does not have sufficient knowledge or information to respond to Paragraph 29 of the Complaint.

30.     Does not have sufficient knowledge or information to respond to Paragraph 30 of the Complaint.

31.     Denies the allegations in Paragraph 31 of the Complaint.

32.     Denies the allegations in Paragraph 32 of the Complaint.

33.     Denies the allegations in Paragraph 33 of the Complaint.

34.     Denies the allegations in Paragraph 34 of the Complaint.

35.     Does not have sufficient knowledge or information to respond to Paragraph 35 of the Complaint.

36.     Denies the allegations in Paragraph 36 of the Complaint.

37.     Denies the allegations in Paragraph 37 of the Complaint.

38.     Admits that on February 20, 2017, Khandekar met with Borden for coffee but otherwise does not have sufficient knowledge or information to respond to Paragraph 38 of the Complaint.

39.     Does not have sufficient knowledge or information to respond to Paragraph 39 of the Complaint.

40.     Admits the material allegations in Paragraph 40 of the Complaint.

- 4 -

41.     Does not have sufficient knowledge or information to respond to Paragraph 41 of the Complaint.

42.     Admits the material allegations in Paragraph 42 of the Complaint.

43.     Does not have sufficient knowledge or information to respond to Paragraph 43 of the Complaint.

44.     Denies the allegation in Paragraph 44 that Defendant will be "developing the exact same types of Predictors which Two Sigma uses to compete with KCG" but otherwise admits the material allegations in Paragraph 44 of the Complaint.

45.     Denies the allegations in Paragraph 45 of the Complaint.

46.     Denies the allegations in Paragraph 46 of the Complaint.

### COUNT I
### (Misappropriation of Trade Secrets)
### (18 U.S.C. § 1832)

47.     Defendant repeats and re-alleges his responses to each and every allegation contained in paragraphs 1 through 46 of the Complaint, as if fully set forth herein.

48.     Does not have sufficient knowledge or information to respond to Paragraph 48 of the Complaint.

49.     Does not have sufficient knowledge or information to respond to Paragraph 49 of the Complaint.

50.     Does not have sufficient knowledge or information to respond to Paragraph 50 of the Complaint.

51.     Does not have sufficient knowledge or information to respond to Paragraph 51 of the Complaint.

52.     Denies the allegations in Paragraph 52 of the Complaint.

53.     Denies the allegations in Paragraph 53 of the Complaint.

54.     Denies the allegations in Paragraph 54 of the Complaint.

55.     Objects to the "request" contained in Paragraph 55 of the Complaint.

56.     Objects to the "request" contained in Paragraph 56 of the Complaint.

57.     Objects to the "request" contained in Paragraph 57 of the Complaint.

## COUNT II
### (Breach of Contract)

58.     Defendant repeats and re-alleges his responses to each and every allegation

contained in paragraphs 1 through 57 of the Complaint, as if fully set forth herein.

59.     Admits the material allegations contained in Paragraph 59 of the Complaint.

60.     Does not have sufficient knowledge or information to respond to Paragraph 60 of

the Complaint.

61.     Does not have sufficient knowledge or information to respond to Paragraph 61 of

the Complaint.

62.     Denies the allegations in Paragraph 62 of the Complaint.

63.     Denies the allegations in Paragraph 63 of the Complaint.

64.     Denies the allegations in Paragraph 64 of the Complaint.

65.     Denies the allegations in Paragraph 65 of the Complaint.

66.     Objects to the "request" contained in Paragraph 66 of the Complaint.

67.     Denies the allegations in Paragraph 67 of the Complaint.

## COUNT II
### (Breach of Contract)

68.     Defendant repeats and re-alleges his responses to each and every allegation contained in paragraphs 1 through 67 of the Complaint, as if fully set forth herein.

69.     Does not have sufficient knowledge or information to respond to Paragraph 69 of the Complaint.

70.     Does not have sufficient knowledge or information to respond to Paragraph 70 of the Complaint.

71.     Does not have sufficient knowledge or information to respond to Paragraph 70 of the Complaint.

72.     Does not have sufficient knowledge or information to respond to Paragraph 72 of the Complaint.

73.     Does not have sufficient knowledge or information to respond to Paragraph 73 of the Complaint.

74.     Does not have sufficient knowledge or information to respond to Paragraph 74 of the Complaint.

75.     Does not have sufficient knowledge or information to respond to Paragraph 74 of the Complaint.

76.     Denies the allegations in Paragraph 76 of the Complaint.

77.     Denies the allegations in Paragraph 77 of the Complaint.

78.     Does not have sufficient knowledge or information to respond to Paragraph 78 of the Complaint.

79.     Denies the allegations in Paragraph 79 of the Complaint.

80.     Denies the allegations in Paragraph 80 of the Complaint.

81.     Objects to the "request" contained in Paragraph 81 of the Complaint.

82.     Objects to the "request" contained in Paragraph 82 of the Complaint.

83.     Objects to the "request" contained in Paragraph 83 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

84.     The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

85.     Plaintiffs' claims are barred by the doctrine of unclean hands in that Plaintiffs have baselessly refused to pay Defendant the Non-compete Payments (as hereinafter defined), which Plaintiffs are required to pay to him during his non-compete period.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

86.     Plaintiffs' claims are barred by the defense of anticipatory breach because Plaintiffs have improperly repudiated the mutual obligations contained in Defendant's employment agreement by baselessly failing to pay Defendant the Non-compete Payments (as hereinafter defined), which Plaintiffs are required to pay to him during his non-compete period.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

87.     Plaintiffs' claim for a temporary restraining order, preliminary injunction or other expedited relief is barred by the doctrine of laches due to Plaintiffs' failure and refusal timely and properly to request such relief.

## COUNTERCLAIMS

Rohit Khandekar ("Khandekar"), as and for his counterclaims against KCG Holdings, Inc. ("KCG Holdings") and KCG Americas LLC ("KCG Americas and together with KCG Holdings, "KCG"), alleges as follows:

## PRELIMINARY STATEMENT

88.     Khandekar asserts two counterclaims for damages arising out of KCG's wrongful failure and refusal to pay Khandekar post-employment non-compete payments and COBRA subsidies.  In its complaint, KCG alleges claims of misappropriation of trade secrets and breach of contract, and the allegations underlying those claims form the basis of KCG's excuse for pocketing the post-employment payments owed to Khandekar.  While it is outrageous that KCG fails to allege or provide any facts supporting any misappropriation or breach, more important, Khandekar did not misappropriate any trade secrets or breach any contract in any material respect.

## PARTIES

89.     Counterclaim Plaintiff, Khandekar, is a resident and citizen of the State of New Jersey.

90.     Counterclaim Defendant KCG Holdings is a Delaware corporation with its principal place of business in New York County, New York.

91.     Counterclaim Defendant KCG Americas is a Delaware limited liability company with its principal place of business in New York County, New York.

## JURISDICTION AND VENUE

92.     This Court has subject-matter jurisdiction over the counterclaims (a) pursuant to 28 U.S.C. § 1332, because Khandekar is a citizen of the State of New Jersey, and KCG Holdings and KCG Americas are citizens of the State of New York, so there is diversity of citizenship (assuming none of the members of KCG Americas is a New Jersey citizen), and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs; and (b) pursuant to 28 U.S.C. § 1367(a), inasmuch as the Court has original jurisdiction pursuant to 28

U.S.C. § 1331, as alleged in paragraph five of the Complaint, and the counterclaims are so related to claims over which this Court has original jurisdiction that they form part of the same case or controversy, or share a common nucleus of operative facts with such claims.

93.     Venue is proper in this district under 28 U.S.C. § 1391(a), inasmuch as a substantial part of the events or omissions giving rise to the counterclaims occurred in this district, and all counter-defendants are subject to personal jurisdiction in this district.

## FACTS

94.     Khandekar is a quantitative strategist, having worked at KCG (or its predecessor) since 2012 as a member of its "Signal Team," having responsibility for developing predictive models for customer market making and proprietary trading for U.S. and European equities and futures contracts on the Chicago Mercantile Exchange.  Prior to working at KCG, from 2006 through 2012, Khandekar was a research staff member at IBM's T.J. Watson Research Center, having earned a Bachelor of Technology degree in computer science and engineering and a Ph.D. in algorithms and combinatorial optimization, both at the Indian Institute of Technology in Delhi, India.

95.     Khandekar began employment with Knight Capital Americas, L.P. on or about March 30, 2012, as an Assistant Vice President, Quantitative Strategist in the Electronic Trading Group in Jersey City, New Jersey.  His annual salary was $150,000, and he was promised a bonus of $75,000 for 2012, provided he did leave the company or get fired for cause.

96.     Upon information and belief, in July 2012, Knight Capital Americas, L.P. was acquired by KCG Americas.

97.     By letter dated July 7, 2015 ("July 7 Letter"), KCG Americas advised Khandekar that his continued employment would be subject to new terms and conditions set forth in the

letter and an attached agreement, entitled "Employment Agreement," both to be effective as of June 1, 2015.

98.     Pursuant to the July 7 Letter, Khandekar's annual salary was to increase from $150,000 to $200,000, and his bonus was to become totally discretionary.

99.     KCG drafted the July 7 Letter and Employment Agreement, and gave it to Khandekar to sign as a condition of his continued employment.

100.    The terms of the Employment Agreement were non-negotiable.

101.    On or about July 16, 2015, Khandekar signed the Employment Agreement.

102.    Khandekar's employment with KCG at all times, including under the Employment Agreement, was "at will."

103.    On March 14, 2017, Khandekar gave 15 days' notice of termination of his employment, pursuant to the Employment Agreement's terms.

104.    At or around the same time, Khandekar informed KCG that he had received an offer of employment at Two Sigma, a competitor of KCG and, in accordance with the Employment Agreement, that he would not begin working at Two Sigma until after the expiration of the "Protected Period," i.e., six months after termination of his employment.

105.    Khandekar's last day at KCG was March 30, 2017, after which he traveled to India to visit family and friends.

106.    Pursuant to the Employment Agreement, KCG was obligated during the Protected Period to pay to Khandekar "Non-compete Payments" in accordance with a formula.  In aggregate, the Non-compete Payments equaled approximately $345,000.

107.    KCG also was contractually obligated, for the duration of the Protected Period and provided Khandekar elected to receive COBRA benefits, to remit payments to a third party

for Khandekar's benefit as a subsidy towards to COBRA payments (the "COBRA Payments").
In aggregate, the COBRA Payments are equal to $10,438.74.

108.     In April 2017, KCG paid Khandekar the first Non-compete Payment, of
$16,666.67, and in April and May KCG paid two COBRA Payments, totaling $3,479.58.

109.     Claiming, falsely, that Khandekar has breached the Employment Agreement,
KCG has failed and refused to pay Khandekar any Non-compete Payments or COBRA Payments
since that first payment, and KCG has indicated that it will not make any further Non-compete
Payments or COBRA Payments to Khandekar.

110.     At all relevant times, through the present, Khandekar has fully performed and
abided by all material terms of the Employment Agreement.

**AS AND FOR THE FIRST COUNTERCLAIM**
**(Breach, and Anticipatory Breach, of Contract – Non-Compete Payments)**

111.     Khandekar hereby repeats and realleges all of the foregoing allegations as if fully
set forth herein.

112.     The Employment Agreement obligates KCG to make Non-compete Payments to
Khandekar for the duration of the Protected Period.

113.     At all relevant times, through to the present, Khandekar has fully performed
abided by, and honored all the material terms of, and covenants in, the Employment Agreement,
including without limitation the non-competition covenant.

114.     After making an initial Non-compete Payment, KCG reneged on its commitment
and has since failed and refused to make any further Non-compete Payments, in breach of the
Employment Agreement.

115.     By reason of the foregoing, KCG has breached, and anticipatorily breached, the
Employment Agreement, causing Khandekar damages in the amount of $328,333.33.

## AS AND FOR THE SECOND COUNTERCLAIM
### (Breach, and Anticipatory Breach, of Contract – COBRA Payments)

116.    Khandekar hereby repeats and realleges all of the foregoing allegations as if fully set forth herein.

117.    KCG was obligated to pay Khandekar, for the duration of the Protected Period, the COBRA Payments.

118.    At all relevant times, through the present, Khandekar has fully performed and abided by all material terms of the Employment Agreement.

119.    After making two payments of the COBRA Payments, KCG has failed and refused to make any further COBRA Payments, and KCG has indicated that it will not make any further COBRA Payments to Khandekar.

120.    By reason of the foregoing, KCG has breached, and anticipatorily breached, its contractual obligation to make the COBRA Payments, causing Khandekar damages in the amount of $6,959.16.

## RELIEF DEMANDED

WHEREFORE, Counterclaimant, Khandekar, demands judgment, recoverable by him jointly and severally against each of the Counterclaim Defendants, as follows:

(a)   On the first counterclaim, a judgment in an amount of at least $328,333.33 against KCG;

(b)   On the second counterclaim, a judgment in an amount of at least $6,959.16 against KCG;

(c)   Pre-and post-judgment interest;

(d)   Costs and disbursements of this action;

- 13 -

    (e)   A trial by jury on all questions of fact in this action; and

    (f)   Such other and further relief as the Court deems just and proper.

Dated: June 9, 2017
       New York, New York

                                     ROTTENBERG LIPMAN RICH, P.C.

                                     By:    /s/ Harry W. Lipman
                                          Harry W. Lipman (HL-4207)
                                          Thomas E. Chase (TC-8266)
                                   The Helmsley Building
                                   230 Park Avenue, 18th Floor
                                   New York, New York 10169
                                   (212) 661-3080
                                   Attorneys for Defendant and Counterclaim-
                                   Plaintiff, Rohit Khandekar