

Baker & McKenzie LLP

452 Fifth Avenue
New York, NY 10018
United States

Tel: +1 212 626 4100
Fax: +1 212 310 1600
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East & Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh*
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**The Americas**
Bogota
Brasilia**
Buenos Aires
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Lima
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre**
Rio de Janeiro**
San Francisco
Santiago
Sao Paulo**
Tijuana
Toronto
Valencia
Washington, DC

\* Associated Firm
\*\* In cooperation with
Trench, Rossi e Watanabe
Advogados

August 30, 2017

The Honorable Gabriel W. Gorenstein                    **VIA ECF**
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: <u>KCG Holdings, Inc. et al. v. Khandekar</u>
     <u>1:17-civ-3533 (AJN) (GWG)</u>

Dear Judge Gorenstein:

We represent plaintiffs KCG Holdings, Inc. and KCG Americas LLC ("Plaintiffs" or "KCG") in the above-captioned matter. We write to respectfully request an extension to the revised expedited discovery schedule so-ordered by the Court on August 10, 2017 [ECF No. 73].

The proposed extension is well-warranted:

- **Defendant's document requests are extraordinarily expansive.** Plaintiffs have already undertaken extensive efforts to produce over 10,000 pages of documents in response to Defendant's First and Second Requests for Production. Yet Defendant is now demanding that Plaintiffs review an additional 80,000+ documents as part of this production. While Plaintiffs have not agreed to review the 80,000+ documents, there is simply no way that Plaintiffs can review potentially thousands of additional documents before the current document production deadline.

- **Defendant's document requests are continuing.** Defendant has continued to propound discovery requests that would require document production well after the current discovery deadline. While Defendant's counsel has acknowledged that these requests are untimely and improper under the prevailing case law, he has stated that he will seek judicial relief to force Plaintiffs to conduct additional discovery in response to these requests, to be completed before the current document production deadline.

- **Defendant has refused to conduct electronic discovery outside of the forensic searches being conducted by an independent third-party vendor.** Despite having access to Defendant's personal computer, iPad, phone and



other electronic devices, Defendant has refused to conduct any electronic discovery, or produce documents from these sources, outside of the forensic searches being conducted for a different purpose (as part of a number of agreed preliminary restraints on Defendant), by an independent third-party IT vendor pursuant to the stipulation dated June 28, 2017 [ECF No. 31-1]. These forensic searches are incomplete, and Defendant has yet to produce a single electronic document. Thus, instead of Plaintiffs already having and being able to review Defendant's documents in preparation for depositions, it is likely that such documents will not be produced until after the discovery deadline, and after depositions are underway. This is improper, and the discovery schedule should be extended such that Plaintiffs receive Defendant's electronic documents with sufficient time to prepare for depositions.

- **The current discovery schedule provides insufficient time between document production and depositions.** When this schedule was first agreed to by the parties, it was believed that document discovery would be limited. Yet it has continued to grow, with Defendant requesting thousands of documents from Plaintiffs, and with Defendant having yet to review or make a production from the over 20,000 documents the independent IT vendor anticipates providing Defendant. The sheer mass of the documents now being produced makes the current five-day period between close of document discovery and the beginning of depositions plainly insufficient for counsel to prepare for depositions, especially in that it appears that Defendant's production will be provided, at the earliest, on the final day of document discovery.

- **The current discovery schedule does not make provision for the religious holidays.** The current discovery schedule provides eight business days to take eight depositions, a difficult proposition in normal circumstances. Here, however, counsel will also be unavailable for three of these days due to the religious holidays, making completion of depositions during this time period unrealistic.

- **The current discovery schedule does not provide experts with the ability to consider deposition testimony in their reports.** The current schedule provides for expert reports to be due concurrently with the close of fact discovery. This is an anomaly. Experts ordinarily consider witness testimony in drafting their reports, and there is no reason that the experts here should be required to issue their reports without the benefit of fully considering Mr. Khandekar's explanation of his actions, or to hear from the company regarding the execution of their policies and procedures and the related impropriety of Mr. Khandekar's actions. The schedule must be adjusted to provide time for the experts to review the deposition transcripts before producing their reports.

- **Defendant has no good reason to reject a reasonable extension to the discovery schedule.** There is an old Italian proverb "Chi passa a cavallo nun vede," which, roughly translated, means "He who passes by on horseback sees nothing." That degree of inspection is exactly



        Baker McKenzie.

what Defendant seeks by this breakneck schedule. Defendant took great care to remove all evidence of his surreptitious copying of Plaintiffs' predictors, deleting the folder from his directory containing these files, and wiping his work laptop clean before returning it to the company. However, a careful forensic review and a reasonably paced document discovery period will in all likelihood unearth the evidence Defendant took such pains to conceal.

Plaintiffs want to make clear that this request for an extension to the discovery schedule is in no way caused by Plaintiffs' delay. To comply with discovery as expeditiously and thoroughly as possible, Plaintiffs have undertaken extensive discovery and production efforts. Plaintiffs have made three productions of documents to Defendant of 10,804 pages of responsive material (compared to Defendant's two productions of 478 pages). Plaintiffs have reviewed complicated LINUX operating systems, engaged in time and labor-intensive efforts to create summary documents distilling large volumes of complex data from these systems for production to Defendant in a comprehensive fashion (compared to Defendant's production of photocopies of his employment contract, and other documents from his employment file). And Plaintiffs have worked daily and even hourly to coordinate with the independent third-party IT vendor engaged in full-time processing of Defendant's personal computers, phones and thumb drives (while Defendant has done nothing to assist in this process).

A chart containing the current expedited discovery schedule and a proposed revised discovery schedule are set forth below. The parties have met and conferred in accordance with Your Honor's Rules. Defendant has refused to agree to any reasonable extension of the current expedited discovery schedule. This is KCG's second request for an extension of the expedited discovery deadlines.

| **Event** | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Document Production | September 8 | September 15 |
| Fact Discovery (including Fact Depositions) | September 13-24 | September 25-October 10 |
| Service of Requests to Admit | September 24 | October 10 |
| Disclosure of Expert Reports | September 24 | October 20 |
| Rebuttal Reports | October 8 | November 3 |
| Expert Depositions | October 15 | November 17 |

Plaintiffs also understand that Defendant intends to file a letter motion on certain discovery issues. This proposed schedule is thus contingent upon resolving those issues in sufficient time to comply with the schedule, or comply with a court ruling. If there is not sufficient time, the proposed schedule will need to be adjusted accordingly.

For the reasons set out above, we respectfully request that Plaintiffs' proposed extension, as set forth in Exhibit A hereto, be ordered by this Court.

Respectfully Submitted,

        Attorneys for Plaintiffs KCG Americas LLC and KCG Holdings, Inc.

By:   /s/ Jacob M. Kaplan              .
      William F. Dugan (*pro hac vice*)
      William H. Devaney (WD 0563)
      Jacob M. Kaplan (JK 0696)
      Baker & McKenzie LLP
      452 Fifth Avenue
      New York, NY 10018
      Telephone:  (212) 626-4100
      Fax:  (212) 310-1600
      Email: jacob.kaplan@bakermckenzie.com

Cc:    Harry W. Lipman, Esq. (via ECF)
        C. Zachary Rosenberg (via ECF)

        Attorneys for Defendant