# EXHIBIT H

ROTTENBERG LIPMAN RICH, P.C.

NEW JERSEY OFFICE
PARK 80 WEST, PLAZA ONE
250 PEHLE AVENUE, SUITE 101
SADDLE BROOK, NEW JERSEY 07663
TELEPHONE (201) 490-2022
TELECOPIER (201) 490-2040

THE HELMSLEY BUILDING
230 PARK AVENUE
EIGHTEENTH FLOOR
NEW YORK, NEW YORK 10169
TELEPHONE (212) 661-3080
TELECOPIER (212) 867-1914

WWW.RLRPCLAW.COM

HARRY W. LIPMAN
MEMBER
HLIPMAN@RLRPCLAW.COM

August 14, 2017

**VIA Email & First Class Mail**

Matthew Levine, Esq.
Deputy General Counsel
Virtu Financial
300 Vesey Street
New York, NY 10282

Re:   Demand by Virtu Americas LLC to Recapture
      Vested Restricted Stock Units

Dear Matt:

  We write in response to your letter dated August 4, 2017, in which you demand on behalf of your client Virtu Americas LLC ("Virtu Americas") that our client, Rohit Khandekar, pay Virtu Americas $199,996.11, pursuant to paragraph 13.4 of the KCG Holdings, Inc. Amended and Restated Equity Incentive Plan (the "Plan"). On behalf of Mr. Khandekar, we reject your demand, for a number of reasons.

  Most basically, we reject Virtu Americas' demand because Mr. Khandekar engaged in no wrongful conduct whatsoever, much less the specific conduct that would trigger a "recapture" event under paragraph 13.4 of the Plan. That paragraph provides for recapture of awards only if (1) within 2 years of vesting of the restricted stock award an employee/participant (2) is terminated for Cause, violates a non-compete agreement, violates any confidentiality obligation to the Company, or engages in fraud against the Company. You have failed to identify any such conduct, either in your August 4 letter or in your follow-up email responding to our email requesting in particular that you identify why you believe that paragraph 13.4 is applicable. Assuming that the basis of Virtu Americas' position is limited to the same allegations now being litigated in the action <u>KCG Holdings, Inc. v. Khandekar</u> (the "Federal Action"), we are confident that that action will show that Mr. Khandekar engaged in no improper conduct whatsoever, much less conduct that would result in forfeiture under paragraph 13.4.

  Your correspondence also fails to explain how Virtu Americas has standing to demand payment from Mr. Khandekar under the Plan. Public filings reflect that, in connection with its merger with Virtu Financial Inc, KCG Holdings, Inc. changed its name and corporate form and became Virtu KCG Holdings, LLC. For example, a Form 8-K filed with the S.E.C. on July 24, 2017 states:

> On the Effective Date, in connection with the completion of the Merger, the Company was converted from a Delaware corporation having the name "KCG Holdings, Inc." into a Delaware limited liability company having the name "Virtu KCG Holdings LLC."

Virtu KCG Holdings LLC therefore appears to be the likely successor to KCG Holdings, Inc. and the most proper entity to assert any claims under the Plan.[1]

Your August 8 email additionally fails meaningfully to address the question of standing in light of the Change of Control provisions of the Plan. You stated only that "As a result of the merger, KCG Americas LLC's names was [sic] changed to Virtu Americas LLC. Section 2.9 of the Plan defines 'Company' as KCG Holdings, Inc. and any of its subsidiaries, affiliates and any successor entity thereto." Remaining unexplained is the relationship between Virtu Americas and Virtu KCG Holdings, LLC, as well as the status of Awards under the Plan in light of the Change in Control.

Another fatal defect in Virtu Americas' demand stems from its failure to allege that the Committee took the action required under the Plan to cause Mr. Khandekar to forfeit and repay the value of his restricted stock. Paragraph 3.1 of the Plan provides that, "Unless otherwise provided in an Agreement, the Committee reserves the authority, in its absolute discretion, . . . to determine whether . . . Awards may be . . . cancelled, forfeited or suspended." While we dispute that the Committee has "absolute discretion," we are not aware of any writing by which Mr. Khandekar agreed that the Committee's authority to cancel, forfeit or suspend his Awards could be assigned or delegated. Further, despite Mr. Khandekar's demand in the Federal Action for all documents relating to plaintiffs' evaluation of his conduct, we are aware of no documents that plaintiffs produced in the Federal Action reflecting that the Committee duly evaluated Mr. Khandekar's conduct and decided that Mr. Khandekar should forfeit the value of his restricted stock awards. KCG's website reflects that the current members of the Committee are Rene M. Kern, James T. Milde and John C. Morris. Please immediately produce all documents – or direct us to any previously produced documents – reflecting that these three Committee members duly evaluated Mr. Khandekar's conduct and decided that he must forfeit the value of his restricted stock awards pursuant to the Plan.

If, despite the foregoing, Virtu Americas (or some other entity) still intends to initiate legal action against Mr. Khandekar pursuant to the Plan, we note that paragraph 14.14 of the Plan requires arbitration. While Mr. Khandekar would consider stipulating to the inclusion of a claim under the Plan in the Federal Action, he also reserves his right to seek dismissal and/or a stay of either the Federal Action or the arbitration, should your clients decide to go that route.

---

[1] We note that despite the fact that the entity apparently no longer exists as a going concern, KCG Holdings, Inc. continues to be a named plaintiff in the pending litigation between KCG and Mr. Khandekar.

Rottenberg Lipman Rich, P.C.
August 14, 2017
Page 3

   This letter is without prejudice to Mr. Khandekar's rights and defenses, all of which are expressly reserved.

                  Very truly yours,

                   Harry W. Lipman

cc: William Dugan, Esq.
   Jacob Kaplan, Esq.

HWL: mwa

3171