UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
KCG HOLDINGS, INC., and KCG AMERICAS LLC,  :

                                 :    1:17-cv-03533 (AJN) (GWG)

               Plaintiffs,         :

                                   :    **DECLARATION OF**
         -against-           :    **HARRY W. LIPMAN, ESQ.**

                                   :

ROHIT KHANDEKAR,                  :

                                   :

            Defendant.       :
-------------------------------------------------------------------- X

       HARRY W. LIPMAN, being an attorney duly admitted to practice law in this Court, declares under the penalty of perjury that the following statements are true and correct:

       1.     I am a member of Rottenberg Lipman Rich, P.C., attorneys for defendant, Rohit Khandekar ("Khandekar"), and submit this declaration in opposition to the motion for summary judgment of Plaintiffs, KCG Holdings, Inc. and KCG Americas LLC (collectively, "Plaintiffs" or "KCG"), and in support of Khandekar's cross-motion for partial summary judgment.

       2.     On or about July 7, 2017, Kim Landsman, Senior Vice President at Two Sigma Investments, L.P. ("Two Sigma"), informed me via teleconference that Two Sigma was withdrawing its offer of employment to Khandekar because of this litigation.

       3.     In discovery in this case, KCG refused to produce the predictors that Khandekar worked on and the predictors that KCG alleges Khandekar improperly accessed unless we agreed to review them exclusively in KCG's counsel's offices for limited amounts of time.

4.      KCG has repeatedly taken the position that Khandekar had no legitimate KCG business reason to view the predictor files at issue (the "Files").[1]  KCG is demonstrably wrong.  In discovery, Khandekar reviewed the Files on a computer supplied by KCG and he identified the following lines of code from a predictor developed by one of his colleague's, █████ █████, called ██████████████████████████████████, which Khandekar used as a template for a predictor that he developed for KCG during his last months at the company, ███████████████████████:



To the extent Khandekar's lines of code are not substantially identical to ████████, they clearly show to anyone familiar with KCG's trading system infrastructure and ████ coding that Khandekar's code is derivative of ████████.  In this regard, the Court should know that, as part of

---

[1]  See, e.g., Amended Complaint ¶ 1 ("Khandekar's actions were not done in the performance of his duties for KCG"), ¶ 42 ("Khandekar accessed, reviewed and/or copied Predictors developed by other KCG employees for reasons unrelated to KCG's business purposes"); Chung Declaration dated May 9, 2017 (Ex. 7 to the Kaplan Declaration), ¶ 51 ("There is no reason whatsoever why Khandekar would have needed to access certain Predictors as part of his work for KCG"); Plaintiffs' Memorandum of Law in Support of Motion for Summary Judgment and Permanent Injunction, at 9 ("Khandekar had no legitimate business reason for copying the ████ source code files," citing SOF ¶ 50).

KCG's $198,382.28 investigation of Khandekar's alleged "security breach" (Pl. SOF ¶ 79), KCG did not trouble itself to perform a simple comparison between the Files, on the one hand, and Khandekar's own predictors, particularly the last predictor he worked on, on the other, to determine whether, in fact, Khandekar actually used code from the Files for KCG's business and benefit.  See Exhibit G hereto at 236:6-241:8.

5.      KCG agreed to provide Khandekar's notes from his review that contain those lines of code to us, as KCG's counsel, but only under an attorneys'-eyes-only basis.

## RELEVANT DOCUMENTS FOR THE COURT TO CONSIDER ON THE SUMMARY JUDGEMENT MOTIONS

### Pleadings

6.      Exhibit A hereto is a true and correct copy of the original Complaint filed in this action [Dkt 1].

7.      Exhibit B hereto is a true and correct copy of the Amended Complaint filed in this action [Dkt. 80].

8.      Exhibit C hereto is a true and correct copy of Khandekar's employment agreement with KCG (also attached as Ex. A to the Amended Complaint [Dkt 80-1].

9.      Exhibit D hereto is a true and correct copy of KCG's Answer to Khandekar's Amended Answer and Counterclaims filed in this action [Dkt. 97].

10.      Exhibit E hereto is a true and correct copy of the stipulation between the parties so ordered by the Court on June 29, 2017 [Dkt. 39].

### Deposition Transcripts

11.      Exhibit F hereto is a true and correct copy of pages 1, 23-25, 48-53, 56-59, 62- 63, 68- 69, 71-72, 76, 80-82, 87-104, 126-129, 174-175, 221-227, 240-242 of the transcript of the deposition of Rohit Khandekar.

12.     Exhibit G hereto is a true and correct copy of pages 1, 35-36, 39-43, 63-65, 75, 78-79, 98, 107, 121-124, 161-167, 183-188, 198, 201-202, 224-225, 229, 232-234, 236-242, 252-253 of the transcript of the deposition of KCG pursuant to Rule 30(b)(6), Fed. R. Civ. P. by its representative, Philip Chung.

13.     Exhibit H hereto is a true and correct copy of pages 1, 45-46, 65-67, 70-73, 82-84, 93-94, 128-130 of the transcript of the deposition of Steve Liu, Khandekar's supervisor at KCG.

14.     Exhibit I hereto is a true and correct copy of pages 1, 50, 60, 62 of the transcript of the deposition of Evan Wright, a quantitative analyst and member of Khandekar's group at KCG.

15.     Exhibit J hereto is a true and correct copy of pages 1, 35-36, 56, 73-74, 88-89 of the transcript of the deposition of Two Sigma pursuant to Rule 30(b)(6), Fed. R. Civ. P. by its representative, Simon Yates.

16.     Exhibit K hereto is a true and correct copy of pages 1, 45, 50 of the transcript of the deposition of Douglas Borden.

### Initial Disclosures, Expert Report, and Attorney Correspondence

17.     Exhibit L hereto is a true and correct copy of KCG's initial disclosures in this action.

18.     Exhibit M hereto is a true and correct copy of a letter from KCG's counsel dated July 12, 2017, in which KCG sets forth its theory of damages.

19.     Exhibit N hereto is a true and correct copy of the report of Bruce V. Hartley, who KCG retained as a purported expert in this action.

### Documents Produced by Khandekar

20.     Exhibit O hereto is true and correct copy of a COBRA Continuation

Coverage Election Form showing the cost of Khandekar's COBRA premiums.

21.     Exhibit P hereto is a true and correct copy of a letter from Discovery

Benefits, Inc. informing Khandekar that KCG notified it that "based on [Khandekar's] severance

arrangement," KCG would pay 75% of his COBRA premiums from April 1, 2017 to September

30, 2017 that was produced by Khandekar in this action.

## Documents Produced by KCG

22.     Exhibit Q hereto is a true and correct copy of ▮▮▮▮▮▮▮▮, which

Khandekar worked on for KCG in late 2016 and early 2017.  This exhibit will be submitted to

the Court by KCG's counsel, who have refused to provide it to us outside of their offices.

23.     Exhibit R hereto is a true and correct copy of

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, one of the electronic predictor files that Khandekar

accessed on KCG's Linux system using the username and password KCG provided to him in late

2016.  This exhibit will be submitted to the Court by KCG's counsel, who have refused to

provide it to us outside of their offices.

24.     Exhibit S hereto is a true and correct copy of an acknowledgement signed

by Khandekar.

25.     Exhibit T hereto is a true and correct copy of KCG's Access Control

Policy.

26.     Exhibit U hereto is a true and correct copy of a KCG guideline entitled

"Handling Research and Secret Codes," which KCG published in May 2017.

27.     Exhibit V hereto is a true and correct copy of excerpts of Khandekar's bash history, which shows each action Khandekar took on his KCG devices, along with an explanation of what each set of actions means.

28.     Exhibit W hereto is a true and correct copy of an email dated March 15, 2017 from Vladimir Neyman, Khandekar's supervisor's supervisor.

29.     Exhibit X hereto is a true and correct copy of a KCG presentation on "Confidentiality."

30.     Exhibit Y hereto is a true and correct copy of a KCG publication entitled "Committing Secret Code."

31.     Exhibit Z hereto is a true and correct copy of a KCG publication entitled "How does Linux secret code compilation process work?"

32.     Exhibit AA hereto is a true and correct copy of KCG's 2015 performance review for Khandekar.

33.     Exhibit BB hereto is a true and correct copy of KCG's 2014 performance review for Khandekar.

34.     Exhibit CC hereto is a true and correct copy of an email from James Ryan to Matthew Levine dated July 12, 2017.

## Documents Produced by Two Sigma

35.     Exhibit DD hereto is a true and correct copy of the file maintained by Two Sigma regarding the hiring of Khandekar.

36.     Exhibit EE hereto is a true and correct copy of Patrick Mullen's handwritten notes.

Dated:  December 29, 2017
       New York, New York

_____
Harry W. Lipman, Esq.