ROTTENBERG LIPMAN RICH, P.C.

NEW JERSEY OFFICE
PARK 80 WEST, PLAZA ONE
250 PEHLE AVENUE, SUITE 101
SADDLE BROOK, NEW JERSEY 07663
TELEPHONE (201) 490-2022
TELECOPIER (201) 490-2040

230 PARK AVENUE
EIGHTEENTH FLOOR
NEW YORK, NEW YORK 10169
TELEPHONE (212) 661-3080
TELECOPIER (212) 867-1914

WWW.RLRPCLAW.COM
HARRY W. LIPMAN
MEMBER
hlipman@rlrpclaw.com

January 11, 2018

**Via ECF**

The Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

   Re: KCG Holdings, Inc. et al. v. Khandekar
      1:17-civ-3533 (AJN) (GWG)

Dear Judge Nathan:

  We represent Defendant, Rohit Khandekar, and write in response to the letter submitted earlier today by counsel for Plaintiffs ("KCG") in which KCG refuses to submit to the Court two exhibits that should be attached to my declaration in opposition to KCG's motion for summary judgment and in support of Mr. Khandekar's cross-motion for partial summary judgment (the "Exhibits"). We also write to note that in its letter KCG fails to comply with the Court's December 28, 2017 Order (the "December 28 Order"), which requires any party requesting redactions to the filings to explain why the documents at issue need to be redacted [Dkt. 128].

I. **The Court Should Compel KCG to Provide the Court with the Exhibits**

  The Exhibits consist of one of the "predictor" files on which KCG admits that Mr. Khandekar legitimately worked while employed by KCG (Exhibit Q), and one of the predictor files that KCG alleges that Mr. Khandekar improperly accessed (Exhibit R). Mr. Khandekar referred to the Exhibits in his summary judgment papers in order to show both that he used certain portions of code from the predictor file KCG alleges he improperly viewed when creating another predictor for KCG's benefit, and that the Predictors are lengthy and complicated and therefore defy memorization.

  During discovery, KCG initially refused to produce the Exhibits to Mr. Khandekar altogether [Dkt. 34, 35, 46, 51, 59, 61, 69, 70]. Pursuant to an Order dated August 14, 2017, however, Magistrate Judge Gabriel W. Gorenstein compelled KCG to produce these predictor files and directed the parties to agree to appropriate restrictions [Dkt. 75]. The parties ultimately agreed that Mr. Khandekar could review the predictors he worked on in their entirety and redacted versions of the predictors which KCG alleges he improperly viewed,[1] but that such

---

[1] In particular, the parties agreed that the "secret sauce" of those predictors would be redacted but that the "plumbing" code would not. The "secret sauce" portions of the predictors that KCG

Rottenberg Lipman Rich, P.C.
Judge Alison J. Nathan
January 11, 2018
Page 2

review would be confined to KCG's counsel's offices. Mr. Khandekar never agreed, however, to any restrictions upon submitting any files to the Court.

Prior to filing Mr. Khandekar's summary judgment papers, we informed KCG's counsel that we intended to include the Exhibits in our filing. KCG refused to provide us with copies of the Exhibits to include in our filings and informed us that it would consider our request for KCG to submit the Exhibits to the Court directly. It is now clear that KCG is refusing to do so.

KCG's refusal is baseless, improper and unfair. We have not asked KCG to provide a copy of the Exhibits to us or anyone else other than the Court itself. KCG's position, therefore, implies that the Court itself should not be given a copy of the Exhibits, but why? For fear that they will be mishandled? To make the more subtle point – at Mr. Khandekar's expense – that KCG's secret information is more sensitive and valuable than any other sensitive and valuable information that a federal judge is entrusted to know and protect as a matter of course in any number of civil and criminal proceedings? In a word, KCG's position is outrageous.

Furthermore, paragraph 8 of the Stipulated Protective Order (the "Protective Order") [Dkt. 53] applicable to this action provides:

> All documents and materials that have been designated "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that are filed with the Court shall be filed under seal in accordance with the Court's procedures and rules for filing documents under seal. Notwithstanding the foregoing, either Party may ask the court to modify the procedure for filing materials designated as "CONFIDENTIAL" in order to facilitate both easy filing with the Court as well as protection of Confidential Information.

While the Protective Order permits a party to request that the Court *modify* the procedure for filing confidential material, it does not permit KCG to request that the Court allow it to prevent material from being filed altogether. Notably, moreover, it is Mr. Khandekar's, not KCG's, choice which materials produced in discovery should be submitted to the Court with his summary judgment papers. Magistrate Gorenson already considered and rejected KCG's expensive and dilatory attempts to withhold these documents from Mr. Khandekar during discovery, holding that "the Court concludes that the source code of any Predictors that defendant accessed may be highly relevant to any potential defense that the source code was not

---

redacted constitute substantial portions, if not the majority, of each predictor. KCG's argument, therefore, that Mr. Khandekar could have memorized the secret sauce can be rejected simply by looking at the length and content of the Exhibits.

Rottenberg Lipman Rich, P.C.
Judge Alison J. Nathan
January 11, 2018
Page 3

in fact improperly used" [Dkt. 75].  Accordingly, the Court should reject KCG's baseless attempt to prevent the Court from viewing the Exhibits.

## II. KCG Failed to Comply with the Court's December 28 Order

On December 27, 2017, we wrote to the Court to request an extension of the deadline to file Mr. Khandekar's summary judgment papers in order to provide KCG the opportunity to review the papers and determine which portions KCG wished to redact [Dkt. 127]. In its December 28 Order, the Court granted our request in part, but stated that by January 11, 2018, "any party that requests redactions to the filings shall explain to the Court why documents at issue need to be redacted" [Dkt. 128].[2]

Instead of complying with the December 28 Order and explaining to the Court why its redactions are required, KCG wrote:

> We write to notify the court of certain redactions made at our request to Defendant's summary judgment filings.  Specifically, Plaintiffs narrowly focused their redactions on protecting Plaintiffs' proprietary or trade secret information. *See* Individual Practice Rule 4.A (listing proprietary or trade secret information as one of the six categories of information requiring caution that can be redacted without court approval); *see also Big Vision Private Ltd. v. E.I. Dupont de Nemours Co.*, 1 F. Supp.3d 224, 251 & n.31 (S.D.N.Y. 2014) (allowing parties to redact information claimed as trade secrets).

Accordingly, KCG has failed to comply with the Court's December 28 Order, and KCG's redaction are presumptively unwarranted.

Thank you for your consideration.

Respectfully,

*[signature]*

Harry W. Lipman

Cc:  Plaintiffs' counsel (via ECF)

---

[2]  In compliance with the December 28 Order, we submitted a hard copy and electronic copy of the unredacted versions of Mr. Khandekar's summary judgment papers to the Court (except for the two Exhibits that KCG refused to provide to us, as discussed above).