UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KCG Holdings, Inc., and KCG Americas LLC,

               Plaintiffs,

–v–

Rohit Khandekar,

               Defendant.

17-cv-3533 (AJN)

MEMORANDUM
OPINION & ORDER

---

ALISON J. NATHAN, District Judge:

      Defendant moves the Court for reconsideration of its opinion (Dkt. No. 175) granting Plaintiff summary judgment. Dkt. No. 180. For the reasons that follow, that motion for reconsideration is DENIED.

### I. BACKGROUND

      The Court has already provided a lengthy account of the facts in its Opinion denying in part and granting in part the party's cross motions for summary judgment, Dkt. No. 175, and will summarize them only briefly here. Plaintiff, a financial-services firm, formerly employed Defendant in the position of Quantitative Strategist, in which he generated predictive models that would forecast price movements in securities markets. *Id.* at 2. Before Defendant left the company to work at another firm, he accessed and reviewed the electronic data of fellow Quantitative Strategists at Plaintiff company in violation of company policy. *Id.* at 7-8. Plaintiff then sued Defendant for breach of contract and misappropriation of trade secrets in violation of federal and state law. *Id.* at 9.

1

On March 12, 2020, the Court granted Plaintiff's motion for summary judgment on its breach-of-contract, Defend Trade Secrets Act (DTSA), and New York common-law claims, as well as on Defendant's claims for breach of contract and bad faith. *Id*. at 38. The Court granted Defendant's motion for summary judgment as to Plaintiff's Computer Fraud and Abuse Act (CFAA) claims. *Id.* The Court ordered Defendant to pay Plaintiffs' attorneys' fees, costs, and expenses and enjoined Defendant from using or disseminating, in any way, the trade secrets he reviewed without authorization. *Id.* On April 17, 2021, Defendant filed a motion for reconsideration of the Court's March 12, 2020 Opinion pursuant to Local Civil Rule 6.3. Dkt. No. 180, 181.

## II.     DISCUSSION

A motion for reconsideration should be granted only if the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quotations and citation omitted). It is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Moreover, "[t]he decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Corines v. Am. Physicians Ins. Tr.*, 769 F. Supp. 2d 584, 594 (S.D.N.Y. 2011). "Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362,

365 (S.D.N.Y. 2009) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

Defendant offers a number of arguments in support of his motion for reconsideration, none of which are successful.  First, Defendant argues that the Court granted summary judgment despite the fact that two material issues of fact were "hotly disputed."  Dkt. No. 181 at 4-5.  As to the first fact, while he admits there is no dispute that Defendant did in fact access files with "secret sauce" information, i.e., proprietary information used for building the predictive models, Defendant claims there is a genuine dispute as to whether Defendant *knew* that the files contained that information.  Dkt. No. 181 at 5-8.  Defendant, however, never made this argument at the summary judgment stage.  Instead, he defended his decision to access the information by claiming that he was authorized to access, read, and copy all of the files, and that he was doing so for KCG's benefit – arguments which the Court rejected.  Dkt. No. 175 at 14-15.

Defendant now asks the Court to infer that, because company policy dictated that Quantitative Strategists were not supposed to share "secret sauce" information, and because his colleagues failed to properly encrypt their files, that Defendant assumed that the information he received was not "secret sauce" information and thus did not know he was appropriating trade secrets. Dkt. No. 181 at 4-8.  No such inference is available here.  As Defendant does not dispute, he did not ask for the files from other Quants, instead he designed code to search other Quant's storage space for unencrypted files (and filter out publicly available templates), which he admits had not been given explicit authorization or permission to view.  Dkt. No. 175 at 14. The Court already concluded that there is no genuine dispute that Defendant knew that the company had a policy against viewing this type of information, and that "it does not matter, therefore, that the Quants whose files Khandekar viewed failed to put in places access

3

restrictions on the relevant files." Dkt. No. 175 at 13, 15.  Defendant failed to argue at the summary judgment stage that he was unaware of the fact that the documents he viewed contained "secret sauce" information, and thus he may not assert this "new theor[y]" of the same facts in his motion for reconsideration.  *Analytical Surveys, Inc.,* 684 F.3d at 52.

      As to the second fact purportedly in dispute, Defendant now claims that the never actually reviewed the "secret sauce" that was in the files.  Dkt. No. 181 at 5.  Again, Defendant simply never made this claim at summary judgment.  To the contrary, Defendant admitted that he copied the documents, put them on his own desktop, reviewed them, and sorted them into files based on "good" and "done."  Dkt. No. 175 at 9.  In admitting that he "reviewed" the documents, he never stated, as he belatedly does now, that he took efforts to not look at "secret sauce" information.  Dkt. No. 140 at ¶ 56-61.  Again, he instead claimed that the information he looked at was not properly encrypted by the other Quants and that he used the information in the course of his work for KCG.  *Id.*  Asserting new "arguments not previously presented to the court," as opposed to identifying new evidence or controlling law that was overlooked in assessing arguments he timely asserted, is not proper upon this type of motion.  *Pasha v. William M. Mercer Consulting, Inc*., No. 00 CIV.8362 RWS, 2004 WL 1474694, at *1 (S.D.N.Y. June 30, 2004).

      Next, Defendant claims that the Court erred by overlooking his argument that KCG waived its claim that Defendant breached the employment contract.  Specifically, Defendant claims that when he erased files on his laptop, KCG made a non-compete payment to Defendant despite knowing that he had deleted the files and thus waived its right to sue for breach.  Dkt. No. 181 at 15.  While Defendant did actually raise this argument prior to the instant motion, he did so only in his reply brief in support of his motion for summary judgment.  (He did mention

4

the payment by Plaintiff in his opening brief, but he did so only in the context of arguing that the deletion of files was not a material breach, and did not argue waiver.  *See* Dkt No. 130 at 30). As the "standard rule" is that "arguments may not be made for the first time in a reply brief," *Manon v. Pons*, 131 F. Supp. 3d 219, 238 (S.D.N.Y. 2015) (citing *Simpson v. City of New York*, 793 F.3d 259, 264 (2d Cir. 2015)), this argument was waived and the Court was therefore not obligated to consider it.  *See Doe v. City of New York*, No. 15-CV-0117(AJN), 2018 WL 6095847, at *8 (S.D.N.Y. Nov. 21, 2018) (declining to consider a defendant's argument in support of summary judgment made for the first time in a reply brief because "the Plaintiff has had no opportunity to respond to the claim.").

Because this argument was waived, the Court will not consider it for the first time on a motion for reconsideration, especially where it is highly unlikely to make a difference if the Court did.   The employment contract between KCG and Defendant had an explicit no-waiver provision. Dkt. No. 117-2.  Though it's possible a contractual provision "may be expressly or impliedly waived by the clear conduct or agreement of the parties," *Home Owners Constr. Co. v. Glen Rock*, 34 N.J. 305, 316–17 (1961), Defendant does not explain how KCG's completion of a single payment is sufficient to demonstrate an intent to waive.  Defendant did not make that argument in his summary judgment papers nor has he made such a showing in the instant motion.  Thus, even if had Defendant properly raised this argument, it would not alter the Court's conclusion.  *See Kriss v. Bayrock Grp. LLC*, No. 10CIV3959LGSDCF, 2017 WL 1901966, at *2 (S.D.N.Y. May 8, 2017) ("[Movant] does not meet" the standard for reconsideration because the argument "would not change the outcome.").

Lastly, Defendant claims that reconsideration is warranted to "prevent manifest injustice," because, even though Defendant has purportedly not benefitted from his action, now

his "career lies in ruins" and the substantial judgment in this case will "surely force Khandekar into bankruptcy," all while Plaintiff financial institution has suffered no actual damages. Dkt No. 181 at 11. However, the Court has faithfully and correctly applied the law to Defendant's case, and regardless of how heavy the impact may be, there is not "manifest injustice." *McDowell v. Eli Lilly & Co.*, No. 13 CIV. 3786, 2015 WL 845720, at *7 (S.D.N.Y. Feb. 26, 2015) (determining there was no manifest injustice where the movant has "in no way demonstrated that the decision was 'dead wrong' or that 'extraordinary circumstances' are present."); *Simmons v. Riley*, No. 918CV0984TJMDEP, 2019 WL 244513, at *2 (N.D.N.Y. Jan. 17, 2019) ("Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice."). Reconsideration is not warranted.

### III. CONCLUSION

For the reasons explained above, Defendants' motion for reconsideration is DENIED. This resolves Dkt. No. 180.

SO ORDERED.

Dated: February 11, 2021
　　　　New York, New York

_____
ALISON J. NATHAN
United States District Judge